IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief January 28, 2005

## IN RE: CONSERVATORSHIP OF ALVIN A. MOORE

**Direct Appeal from the Probate Court for Shelby County**
**No. C-9628     Donn Southern, Judge**

_____

**No. W2004-01828-COA-R3-CV - Filed March 30, 2005**

_____

Separate petitions for the appointment of conservator were filed, one by the two nieces of the disabled person and the other by a daughter. Notwithstanding the statutory preference given to the daughter, the probate court determined that it was in the best interest of the disabled person to grant the petition filed by the nieces. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Nathan S. Moore, Nashville, Tennessee, for the appellant, Mary Scott.

Charles E. Rich, Memphis, Tennessee, for the appellees, Virginia Quinley and Kaye Wages.

**OPINION**

This controversy results from the filing of competing petitions for the appointment of a conservator of the person and estate of Alvin A. Moore. Virginia Quinley and Kaye Wages, nieces of Mr. Moore, petitioned the court to appoint them as co-conservators. The petition recites that Ms. Quinley is a resident of Mississippi and Ms. Wages resides at 5287 Airview in Memphis, Tennessee. The affidavits of two physicians were filed, each stating that they were of the opinion that Alvin A. Moore is a disabled person and unable to manage his personal and financial affairs and recommended that a conservator be appointed for those purposes. The petition further recites that Mr. Moore, age 73, presently resided at 5287 Airview, Memphis, Tennessee. It further recites that Mr. Moore has been diagnosed with paranoid schizophrenia and is in such mental and physical condition that he is not competent to either manage and control himself or his property and financial affairs. Following the filing of this petition, the probate court entered an order appointing attorney Russell S. Glass as Guardian ad Litem to represent and defend the interest of Mr. Moore.

Shortly after the appointment of the Guardian ad Litem, a petition was filed by Mary Scott, the daughter of Mr. Moore, requesting that she be appointed conservator of his person and property. This petition recites that Ms. Scott resides in Franklin, Tennessee and states that Mr. Moore's other children, along with his former wife and the mother of his children, Mary Moore, joined in support of the petition of Mary Scott.

The court below heard evidence in this matter on April 20, 2004 and determined that, at the time of the hearing, Mr. Moore was a 74 year old resident of Shelby County, Tennessee. The court found that he was a disabled person within the meaning of Tennessee Code Annotated § 34-1-101(7)[1] by reason of mental illness and physical disability. The court found the petition of Kaye Wages and Virginia Quinley to be well taken and the petition of Mary Scott not well taken. The court found Kaye Wages and Virginia Quinley as fit to serve as co-executors of the person and property of Alvin A. Moore, that it was in the best interest of Mr. Moore, considering the state of his ill health, that he remain where he currently resides at 5287 Airview, Memphis, Tennessee, in the care of Kaye Wages and Virginia Quinley. The court noted the statutory priority of appointing a child of the disabled person over other relatives, but felt in this case that it was not in the best interest of the disabled person, Mr. Alvin A. Moore. The statute is clear that the priority of persons to be considered for appointment is subject to the court's determination of what is in the best interest of the disabled person.

Ms. Scott perfected a timely appeal and contends that the trial court erred in failing to follow the statutory priority of Tennessee Code Annotated § 34-3-103 which provides as follows:

> **Priority of persons to be considered for appointment**. – Subject to the court's determination of what is in the best interests of the disabled person, the court shall consider the following persons in the order listed for appointment of the conservator:
> (1)      The person or persons designated in a writing signed by the alleged disabled person;
> (2)      The spouse of the disabled person;
> (3)      Any child of the disabled person;
> (4)      Closest relative(s) of the disabled person; and
> (5)      Other person(s).

Tenn. Code Ann. § 34-3-103 (2001).

Our standard of review in this non-jury case is *de novo* upon the record of the proceedings below and there is no presumption of correctness with respect to the trial court's conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26 (Tenn. 1996); and Tenn. R. App. P. 13(d). The trial court's factual findings are, however, presumed to be correct and we must affirm such findings

---

[1] "'Disabled person' means any person eighteen (18) years of age or older determined by the court to be in need of partial or full supervision, protection and assistance by reason of mental illness, physical illness or injury, developmental disability or other mental or physical incapacity[.]"  Tenn. Code Ann. § 34-1-101(7) (2001).

absent a preponderance of evidence to the contrary. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993).

Because the trial judge is in a better position to weigh and evaluate the credibility of the witnesses who testify orally, the weight, faith, and credit to be given to any witness's testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. *In re Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997).

The appellant argues that the trial court's determination of Mr. Moore's best interest is not supported by medical proof. She is correct in that the record before us does not contain any medical reports with the exception of the two physician affidavits heretofore discussed. In reviewing the record, it appears that the facts are largely undisputed. The parties are in agreement that Mr. Moore suffered a debilitating stroke in February of 2002[2]; that he suffers from paranoid schizophrenia and that he is in need of a conservator.

Kaye Wages testified that her husband, Jimmy Wages, stayed with Mr. Moore "every hour of the day" as someone had to be with him 24 hours a day. She further testified that Virginia Quinley and Jean Waters stayed with Mr. Moore approximately one weekend per month so that she and Mr. Wages could have a weekend off. She further testified that Billy Wages stays with Mr. Moore when she and Mr. Wages have to go to the grocery store. Home health care aides give Mr. Moore his bath Monday through Friday. Ms. Wages testified that Mr. Moore came to live with her and her husband in May 2002 and they had cared for him since that time.

Mary Scott testified that she lives with her husband in Franklin, Tennessee, and that if the court saw fit to grant her petition, Mr. Moore would be living in Fairview, Tennessee, with his son, Cliff Moore and his wife. She testified that Cliff Moore's wife did not work and would take care of Mr. Moore on a day-to-day basis.

Virginia Quinley testified that Mr. Moore is paralyzed on his right side, has a tube in his bladder and a feeding tube in his stomach. She further testified, in her opinion, he was unable to travel. While there was testimony that Mr. Moore had indicated a preference to remain in the Wages' home, there was further evidence that the only way to extract information from Mr. Moore was through a series of leading questions.

We have concluded that a layperson such as Ms. Quinley, who has observed Mr. Moore for an extended period of time, would be able to testify as to his paralysis and the insertion of the tubes and medical testimony would not be required. Therefore, we are of the opinion that the evidence does not preponderate against the finding of the trial court that it was in the best interest of the disabled person, Alvin A. Moore, that he remain at the Memphis address and that the appointment of Kaye Wages and Virginia Quinley as his co-conservators is in his best interest. Therefore, the

---

[2]The report of the Guardian ad Litem states that the strokes began occurring on March 4, 2002.

judgment of the trial court is affirmed.  The costs of this appeal are taxed to the appellant, Mary Scott and her surety.

_____

DAVID R. FARMER, JUDGE